**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | |
|---|---|
| **PATECT, LLC,**<br>      *Relator*,<br>            v.<br> **S. C. JOHNSON & SON, INC.,**<br>      *Defendant*. | **Civil Action No.**<br><br>**JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT FOR FALSE PATENT MARKING

Relator Patect, LLC ("Relator") makes the following allegations against S. C. Johnson & Son, Inc. ("S. C. Johnson" or "Defendant"):

### NATURE OF THE ACTION

1.  This is a *qui tam* action for false patent marking under 35 U.S.C. § 292.

### PARTIES

2.  Relator is a Texas limited liability company having a principal place of business at 1177 West Loop South, Suite 1700, Houston, Texas 77027.  Relator has appointed Law Tech Services, Inc., 1177 West Loop South, Suite 1700, Houston, Texas 77027, as its agent for service of process.

3.  On information and belief, S. C. Johnson is a Wisconsin corporation with its principal place of business at 1525 Howe St., Racine, WI 53403.  S. C. Johnson has appointed Gary R. Akavickas, 1525 Howe St., Racine, WI 53403, as its agent for service of process.

## JURISDICTION AND VENUE

4.  This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.  Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this Forum, including: (i) at least a portion of the false marking, affixing, or advertising alleged herein; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and/or services provided to individuals in Texas and in this District.

6.  Venue is proper in this district under 28 U.S.C. §§1391(b), 1391(c), and 1395(a). Defendant has and continues (and/or has and continues to cause others) to transact business in this District, and has and continues (and/or has and continues to cause others) to mark upon, affix to, and/or use in advertising, in this District, the product(s) subject to this Complaint, which Defendant has and continues (and/or has and continues to cause others) to make, use, offer for sale, or sell in, and/or import into, this District.

## FACTS

7.  Defendant has and continues (and/or has and continues to cause others) to make, use, offer for sale, or sell in, and/or import into, the United States certain insect repellent products, including, by way of example only, the Off!® Clip-On™ Mosquito Repellent Refills, 2 Refills and Off!® PowerPad® Refills, 3 Refills products.

8.  Defendant has and continues (and/or has and continues to cause others) to mark upon, affix to, and/or use in advertising U.S. Patent No. D553,233 ("the '233 Patent"), a

true and correct copy of which is attached as <u>Exhibit A</u>, in connection with Defendant's products and/or related product packaging, including, by way of example only, the Off!® Clip-On™ Mosquito Repellent Refills, 2 Refills products, as illustrated in <u>Exhibit B</u>.

9.  The '233 Patent is titled "Volatile Dispenser."

10. The '233 Patent does not cover the Off!® Clip-On™ Mosquito Repellent Refills, 2 Refills products.

11. For example, the Off!® Clip-On™ Mosquito Repellent Refills, 2 Refills products, unlike the invention claimed by the '233 Patent, do not include an ornamental design for a volatile dispenser.

12. Packaging for Off!® Clip-On™ Mosquito Repellent Refills, 2 Refills products provides as follows: "Only Off!® Clip-On™ refills should be used in the unit."

13. Defendant has and continues (and/or has and continues to cause others) to mark upon, affix to, and/or use in advertising U.S. Patent No. D509,614 ("the '614 Patent"), a true and correct copy of which is attached as <u>Exhibit C</u>, in connection with Defendant's products and/or related product packaging, including, by way of example only, the Off!® PowerPad® Refills, 3 Refills products, as illustrated in <u>Exhibit D</u>.

14. The '614 Patent is titled "Volatile Emitting Lantern."

15. The '614 Patent does not cover the Off!® PowerPad® Refills, 3 Refills products.

16. For example, the Off!® PowerPad® Refills, 3 Refills products, unlike the invention claimed by the '614 Patent, do not include an ornamental design for a volatile emitting lantern.

17. Packaging for Off!® PowerPad® Refills, 3 Refills products provides as follows: "Do not use anything other than Off!® pads and candles in unit."

18. Defendant has decades of experience applying for patents, obtaining patents, licensing patents, and/or litigating patents in infringement lawsuits.

19. Defendant is a large, sophisticated company.

20. Defendant has, or routinely retains, sophisticated legal counsel.

21. Defendant knows that claims of a patent define that patent's scope of coverage.

## CLAIM

22. Relator incorporates paragraphs 1-21 as if fully set forth herein. Defendant has violated 35 U.S.C. § 292 by falsely marking its products, including the Off!® Clip-On™ Mosquito Repellent Refills, 2 Refills and Off!® PowerPad® Refills, 3 Refills products, with intent to deceive the public.

## PRAYER FOR RELIEF

WHEREFORE, Relator respectfully requests that this Court enter:

(a).     A judgment in favor of Relator that Defendant has falsely marked items in violation of 35 U.S.C. § 292;

(b).     A monetary award pursuant to 35 U.S.C. § 292 in the form of a civil fine of $500 per falsely marked article, or an alternative amount, as set by the Court, one-half of any such award to be paid to the United States;

(c).     An accounting for any falsely marked articles not presented at trial and a monetary award set by the Court for such falsely marked articles;

(d).     An award of pre-judgment and post-judgment interests on any monetary award;

(e).     An injunction prohibiting Defendant, and its officers, directors, agents, servants, employees, attorneys, licensees, successors, and assigns, and

those in active concert or participation with any of them, from violating 35 U.S.C. §292; and

(f).     Any and all other relief, at law or equity, to which Relator may show itself to be entitled.

### <u>DEMAND FOR JURY TRIAL</u>

Relator, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: April 26, 2010                    Respectfully submitted,

                                         By: /s/ *Hao Ni*

                                         Hao Ni – LEAD COUNSEL
                                         State Bar No. 24047205
                                         Ni Law Firm PLLC
                                         3102 Maple Avenue, Suite 400
                                         Dallas, TX 75201
                                         (214) 800-2208
                                         hni@nilawfirm.com

                                         Tyler K. Brochstein
                                         State Bar No. 24059490
                                         Brochstein Law Firm, PLLC
                                         2820 McKinnon Street, Suite 4063
                                         Dallas, TX 75201
                                         (214) 444-3310
                                         tyler@brochlaw.com

                                         Jack L. Siegel
                                         State Bar No. 24070621
                                         Jack L. Siegel PLLC
                                         3530 Travis Street, Suite 421
                                         Dallas, TX 75204
                                         (214) 699-1498
                                         jack@jlsiegellaw.com

                                         **Attorneys for Relator**
                                         **PATECT, LLC**